UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20389-CIV-MORENO
MAGISTRATE JUDGE REID

RAUL BARRIOS,

        Movant,

v.

UNITED STATES OF AMERICA.

        Respondent.

_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Movant, Raul Barrios, a federal prisoner confined at Butner Medium II Correctional Institution in Butner, North Carolina, has filed a *pro se* Motion to Set-Aside Judgment and Vacate Sentence pursuant to 28 U.S.C. § 2255, attacking his sentences entered in Case No. 13-CR-20150-MORENO[1]. ("Motion") (DE #1).

This case has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b), S. D.

---

[1] When the Court is referring to documents filed in the underlying criminal case, it will use the abbreviation "CR" in its citations to the criminal court record.

Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2019-2.

## I.    History

The Court has reviewed the Motion, all pertinent portions of the underlying criminal file, Case No. 13-CR-20150-MORENO.  The relevant procedural history is not in dispute.

On March 8, 2013, the Movant was indicted in a two-count indictment for a Hobbs Act Robbery. (CR - DE #1 at 5).  On May 14, 2013, Movant changed his prior plea of not guilty to guilty. (CR - DE #20).  On July 24, 2013, the Court sentenced the Movant to "96 Months (8 Years). Counts 1 and 2 to run Concurrently. SUPERVISED RELEASE: 3 Years to run concurrently. TOTAL ASSESSMENT: $200.00. TOTAL RESTITUTION: $1,800.00." (CR - DE #30).  Movant filed a Notice of Appeal (Case No. 13-13557-C, 11th Cir. 2013).  On September 5, 2013, the Eleventh Circuit granted his motion for voluntary dismissal with prejudice. (CR - DE #33).  Mandate issued the same day. *Id*.  The Movant did not seek certiorari review from the United States Supreme Court.  On January 27, 2019, the instant Motion was filed.  (DE #1).

## I.    Discussion

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed sentence to vacate, set aside or correct the sentence if it was

2

imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255.  A judge may dismiss a § 2255 motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." RULE 4(B) OF THE RULES GOVERNING SECTION 2255 CASES IN THE UNITED STATES DISTRICT COURTS[2]; see also 28 U.S.C. § 2243.[3] Upon review of the Motion with supporting memorandum of law, along with pertinent portions of the underlying criminal file, it is apparent that this Court has no jurisdiction over the convictions and sentences under attack in that Movant has filed this motion to vacate beyond the applicable limitations period

---

[2]  RULE 4 OF THE RULES GOVERNING SECTION 2255 CASES provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party....

A district court has the power under Rule 4 of the Rules Governing Section 2255 Cases to summarily dismiss a movant's claim for relief so long as there is a sufficient basis in the record for an appellate court to review the district court's decision. *Broadwater v. United States*, 292 F.3d 1302, 1303-04 (11th Cir. 2002).

[3] Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person is not entitled thereto.

28 U.S.C. §2243.

as set forth in 28 U.S.C. § 2255(f). Courts may *sua sponte* consider the issue of the timeliness of a motion to vacate. *Day v. McDonough*, 547 U.S. 198, 199 (2006)(holding that District Courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition, even after the preanswer, initial screening stage of the habeas proceeding). Since it appears that summary dismissal is warranted and Movant is not entitled to postconviction relief, the Respondent has not been required to file a response to the motion to vacate.

## II.   Analysis

The above-reviewed procedural history of this case reveals that the instant Motion to vacate should be dismissed as untimely filed.[4] Generally, § 2255 motions must be filed within one-year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

Section 2255(f) sets a one-year limitations period running from the latest of:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the

---

[4] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's pleadings. *Adams v. U.S.*, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). For purposes of this motion to vacate proceeding, Movant's Motion is deemed filed when he handed over his initial pleading to prison authorities for mailing on January 27, 2019 (DE #1), and not the date his Motion was deemed *filed* on January 29, 2019 by the Clerk of the Court.

> movant is prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, Movant filed his Motion more than a year after his convictions became final.  The Eleventh Circuit Court of Appeals judgment was final on September 5, 2013.[5]  Therefore, Movant had until December 4, 2013 to seek certiorari review. He failed to do so.  The Movant's conviction and sentence became final for statute of limitations purposes on December 4, 2013.  The instant Motion did not commence until January 29, 2019, well beyond one year after his conviction and sentence became final.  Therefore, the Motion is untimely filed pursuant to § 2255(f)(1).

---

[5] A conviction is final when a judgment of conviction has been rendered, the availability of appeal has been exhausted, and the time for a petition for certiorari has elapsed or a petition for certiorari has been finally denied. *Griffith v. Kentucky*, 479 U.S. 314, 321, n.6 (1987); *accord*, *Kaufmann v. United States*, 282 F.3d 1336 (11th Cir. 2002). Once a judgment has been entered by a United States Court of Appeals, a petition for writ of certiorari must be filed within ninety days of the date of entry of the judgment. The ninety-day time period runs from the date of entry of judgment *rather than the issuance of a mandate*. SUP.CT.R. 13; s*ee also Close v. United States*, 336 F.3d 1283 (11th Cir. 2003) (emphasis added).

5

## III.    <u>Conclusion</u>

For the foregoing reasons, it is therefore recommended that Movant, Raul Barrios' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 be dismissed and the case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiffs from a de novo determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790,794 (11th Cir. 1989); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *RTC v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 29th day of April, 2019.

_____

UNITED STATES MAGISTRATE JUDGE

cc:

Raul Barrios
02983-104
Butner Medium II
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1500
Butner, NC 27509
PRO SE